UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK MARA,<br><br>    Defendant. | Case No. 1:21-cr-00010-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Patrick Mara's Motion for Early Termination of Probation. Dkt. 4. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Mr. Mara pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. Mr. Mara was sentenced to serve 60 months' incarceration followed by five years' supervised release. On April 28, 2020, Mr. Mara was released from prison and started serving his term of surprised release. He has now served over four years of his term and seeks early termination of supervision. Neither the government nor the United States Probation Office opposes the motion.

# LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after the defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

(a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821-22.

## ANALYSIS

After analyzing the relevant § 3553(a) factors, the Court finds that early termination of supervision is warranted by Mr. Mara's conduct and the interests of justice.

Mr. Mara has served over four years of his five-year term of supervised release without violating the terms of his supervision. He has complied with all the terms of release. He started working shortly after his release from incarceration and

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

has worked to restore his relationship with his son.

Mr. Mara provides two reasons for seeking early termination of supervised release. First, he wishes to travel freely to see his son wrestle at the collegiate level and visit his elderly parents in Florida. Second, he seeks early termination so that he can accept a job in the insurance industry. Mr. Mara is not able to accept this job while still on supervised release due to the need to travel on short notice.

Mr. Mara does not have a history of criminal conduct. Thus, while the underlying offense is a serious one, it is also the only instance of criminal activity in Mr. Mara's past. It is also worth noting that he "was not an organizer, leader, manager or supervisor in the criminal activity," and, once detained, he accepted responsibility for his actions. PSR ¶ 26, Dkt. 16 in *USA v. Mara*, Case No. 1:16-cr-00080-LJO-SKO-1 (E.D. Cal.).

None of the other § 3553(a) factors weigh against early termination of Mr. Mara's supervised release. Mr. Mara served 60 months in prison and over four years on supervised release, which provides adequate deterrence for himself and others. Mr. Mara does not pose a threat to the community. He has completed and passed every drug test and has been placed on the administrative caseload. Mr. Mara has a steady job and is able provide for himself. He does not require any additional educational or vocational training. The Court is not aware of any policy

statements that weigh against early termination.

For these reasons, the Court does not believe that continued supervision is necessary to protect the public, deter future crimes, or provide Mr. Mara with additional treatment. The Court therefore finds early termination "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 4) is **GRANTED**.

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge